IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**STAR LIGHT**                                                                              **PLAINTIFF**
**ADC #158911**

V.                                     NO. 4:25-cv-00066-BRW-ERE

**RONALD STUKEY,** *et al*.                                                   **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections**

This Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Wilson can adopt this Recommendation without independently reviewing the record.

**II.**     **Background**

On January 24, 2025, *pro se* plaintiff Star Light (also known as Joseph Pearson), an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Plaintiff's complaint alleges that ADC and medical officials have failed to adequately address Plaintiff's medical needs. Plaintiff sues

Dr. Ronald Stukey, Registered Nurse Lakita Davis, and Medical Supervisor Ramona Huff seeking monetary damages and injunctive relief.

On January 27, 2025, the Court entered an Order explaining to Plaintiff that the original complaint was deficient but giving him the opportunity to file an amended complaint. *Doc. 4*.

To date, Plaintiff has not filed an amended complaint, and the time to do so has passed. The Court will therefore screen Plaintiff's original complaint, as required by 28 U.S.C. § 1915A.

### III. Discussion

#### A. Standard

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011). Factual allegations must "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Mere "labels and

conclusions" are insufficient, as is a "formulaic recitation of the elements of a cause of action." *Id.* at 555. Legal conclusions couched as factual allegations may be disregarded. See *Iqbal*, 556 U.S. at 679.

### A.   Personal Involvement

Plaintiff's complaint fails to allege facts to show how each named Defendant personally participated in unconstitutional conduct or were directly responsible for a constitutional violation. Plaintiff simply states that "Wellpath Medical and Arkansas Department of Corrections has violated" his rights. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007). As a result, Plaintiff's complaint fails to state a plausible constitutional claim against each Defendant

### B.   Medical Deliberate Indifference

To state a plausible medical deliberate indifference claim against any individual Defendant, Plaintiff must allege facts that, taken as true, support a reasonable inference that: (1) Plaintiff had "objectively serious medical needs"; and (2) each individual Defendant "actually knew of but deliberately disregarded those needs." *Hamner v. Burls,* 937 F.3d 1171, 1177 (8th Cir. 2019); see also *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016).[1]

---

[1] A medical need is objectively serious if it has been "diagnosed by a physician as

Plaintiff's complaint alleges no facts to show: (1) how each individual Defendant was aware of Plaintiff's need for medical treatment; or (2) what each individual Defendant did or failed to do that allegedly denied Plaintiff constitutionally adequate medical care. As a result, Plaintiff's proposed medical deliberate indifference claim, as described in the current complaint, cannot survive screening.

## IV.    Conclusion

For the reasons explained above,

IT IS THEREFORE RECOMMENDED THAT:

---

requiring treatment" or if it is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Barton v. Taber,* 908 F.3d 1119, 1124 (8th Cir. 2018). When a prisoner alleges that a delay in medical treatment has violated his/her constitutional rights, the "objective seriousness of the deprivation should also be measured 'by reference to the *effect* of delay in treatment.'" *Laughlin v. Schriro,* 430 F.3d 927, 929 (8th Cir. 2005); *see Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 2001) (a prisoner must demonstrate that the delay in obtaining medical treatment adversely affected his prognosis, or that defendants ignored an acute or escalating situation). Importantly, "the Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minnesota,* 557 F.3d 628, 633 (8th Cir. 2009).

Under the subjective component of an inadequate medical care claim, prison officials may not "deliberately delay or deny prisoners' medical care," but a prisoner "must show more than negligence, more even than gross negligence," to make out a constitutional violation. *Hamner,* 937 F.3d at 1177; *see Roberts v. Kopel,* 917 F.3d 1039, 1042 (8th Cir. 2019) (deliberate indifference requires a mental state "akin to criminal recklessness"). Significantly, prisoners "have no right to receive a particular or requested course of treatment," and prison medical personnel "remain free to exercise their independent medical judgment." *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). It is well-settled that a prisoner's "mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation." *Id.* at 921-22 (citation and alterations omitted).

1. Plaintiff's complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4. The Clerk be directed to close this case.

Dated 3 March 2025.

_____
UNITED STATES MAGISTRATE JUDGE